**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 12-4424**

—————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RODNEY ALEXANDER MITCHELL,

        Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   James R. Spencer, District Judge.  (3:11-cr-00286-JRS-2)

—————————

Submitted:  November 29, 2012      Decided:  December 7, 2012

—————————

Before MOTZ, DUNCAN, and THACKER, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Patrick R. Hanes, WILLIAMS MULLEN, Richmond, Virginia, for Appellant.   Neil H. MacBride, United States Attorney, Erik S. Siebert, Assistant United States Attorney, Richmond, Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney Mitchell was convicted by a jury of conspiracy to tamper with a witness, 18 U.S.C. § 1512 (2006), and sentenced to 97 months' imprisonment. He appeals, claiming: (1) the district court erred in denying his motion for a continuance, and (2) the district court erred in denying his motion for a new trial. We affirm.

Mitchell was one of six people arrested after a raid on an apartment in Richmond, Virginia, revealed a large quantity of heroin and firearms. One of those arrested, William Dugger (a convicted felon), was the individual whose name appeared on the lease. However, Dugger was able to convince the arresting agents that he was innocent of the activity taking place in his apartment; the charges against him were dismissed and he was released from custody. The charges against Mitchell were also dropped.

Shortly after his release, Dugger encountered Mitchell and Darrell Harris outside a local nightclub. According to Dugger, Mitchell and Harris accused him (Dugger) of being an informant and threatened his life. Dugger assured them that he was not going to show up to testify in any future proceedings.

Upon learning from a confidential informant that Dugger's life had been threatened, law enforcement agents contacted Dugger's former attorney and arranged a meeting with

2

Dugger. After Dugger told them of the nightclub encounter, investigators obtained recordings of telephone calls made to Mitchell in which he discussed intimidating Dugger not to testify. Mitchell and Harris were both charged with conspiracy to commit witness tampering.

Approximately one month before Mitchell's trial was scheduled to begin on January 30, 2012, his attorney learned that there were recordings of Dugger's phone calls made during the month he spent in the Richmond city jail and that these recordings could be obtained via subpoena. Included in these calls were ones made by Dugger in which he attempted to bribe another individual to claim ownership of the weapons found by police the night of the raid at his apartment. Counsel obtained the recordings approximately ten business days before trial, and, after listening to many of the calls, estimated that the total recordings amounted to as much as 120 hours. Counsel filed a motion for a continuance three days prior to trial, requesting more time to review the recordings because they might impeach Dugger's credibility. The district court denied the motion, finding that counsel had had ample time to compile evidence in preparation for trial.

At trial, the jury heard a recording of two phone calls made by Mitchell to his brother the morning after the encounter with Dugger outside the nightclub, in which Mitchell

3

told his brother that Dugger would be a "no show" and that he had "scared the shit out of [Dugger] last night." The jury also heard recorded conversations between Mitchell and his co-defendant's brother Christopher Harris, in which Mitchell, referring to Dugger, said, "He said he ain't gonna show."

The jury found Mitchell guilty. Approximately three weeks later, Mitchell filed, pro se, a motion for a new trial, asserting that counsel had failed to obtain and present exculpatory evidence — namely, Dugger's recorded calls from the Richmond city jail. After an evidentiary hearing at which Mitchell's trial counsel testified, the district court denied the motion. The court imposed a 97-month sentence. Mitchell noted a timely appeal.

(1) Denial of motion for continuance.

We review for abuse of discretion the district court's denial of a continuance. United States v. Williams, 445 F.3d 724, 739 (4th Cir. 2006). "[B]road discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel." Morris v. Slappy, 461 U.S. 1, 11-12 (1983) (internal quotation marks omitted). "The later that a motion for a continuance is made, the more likely it is made for dilatory tactics; hence, it is less likely that the district

4

court arbitrarily denied the continuance." United States v. LaRouche, 896 F.2d 815, 824 (4th Cir. 1990). Even if the defendant can demonstrate an abuse of discretion, he also "must show that the denial specifically prejudiced [his] case." Id. at 823 (internal quotation marks omitted).

We find no abuse of discretion. First, counsel was appointed to represent Mitchell on November 22, 2011, and was informed by Mitchell about the recordings one month later. Still, counsel waited two weeks to subpoena the recordings and, after five days of attempting to review them, sought a continuance only three days prior to trial. Further, for reasons discussed below, Mitchell cannot show that he suffered prejudice as a result of the denial of his motion.

(2) Denial of motion for new trial.

This court reviews a district court's denial of a Rule 33 motion for a new trial for abuse of discretion. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). To receive a new trial based on newly discovered evidence, a defendant must show that: (1) the evidence is newly discovered; (2) he has been diligent in uncovering it; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material to the issues involved; and (5) the evidence would probably produce an acquittal. United States v. Fulcher, 250 F.3d 244, 249 (4th Cir. 2001). The trial court "should exercise its discretion to

award a new trial sparingly, and a jury verdict is not to be overturned except in the rare circumstance when the evidence weighs heavily against it." Smith, 451 F.3d at 216-17. (internal quotation marks omitted).

Here, the evidence relied upon by Mitchell — recordings of Dugger's phone calls from jail almost a month before the nightclub encounter — was not "newly discovered" because Mitchell knew of the recordings (and they were available) before his trial began. And, as the district court properly concluded, the evidence "is impeachment, plain and simple." Further, we agree with the district court's finding that the jury would have reached the same result even had they heard the recordings at issue.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED